**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4655

THOMAS W. SMITH,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4686

PAUL J. BEBBER,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4687

ROBERT RICHARD MILLIGAN,
Defendant-Appellant.

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                    No. 97-4688

GARY M. MILLIGAN,
Defendant-Appellant.

Appeals from the United States District Court
for the District of Maryland, at Baltimore.
J. Frederick Motz, Chief District Judge.
(CR-96-437-JFM)

Submitted: September 8, 1998

Decided: October 6, 1998

Before NIEMEYER, WILLIAMS, and MICHAEL,
Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Joseph E. Beshouri, Washington, D.C.; Allen H. Orenberg, Bethesda,
Maryland; Arcangelo M. Tuminelli, Baltimore, Maryland; Peter D.
Ward, Baltimore, Maryland, for Appellants. Lynne A. Battaglia,
United States Attorney, Joseph L. Evans, Assistant United States
Attorney, Carmina S. Hughes, Assistant United States Attorney, Bal-
timore, Maryland, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Thomas Smith, Paul Bebber, Robert Milligan, and Gary Milligan
appeal their sentences for aiding and abetting and arson in violation

of 18 U.S.C. §§ 2, 844 (1994).**1**  Their sole contention on appeal is that the sentencing court erred in sentencing them under United States Sentencing Guidelines Manual ("U.S.S.G.")§ 2A1.1(a) (1997) because the court erroneously found that the fire Appellants set at 1934 East Lombard Street was the proximate cause of Arlene Pinti's death.**2** Finding no error, we affirm.

Appellants were indicted and ultimately pled guilty to setting numerous fires for the purpose of collecting insurance proceeds. On July 4, 1995, at approximately 3:30 p.m., Appellants set fire to a row house located at 1934 East Lombard Street, Baltimore, Maryland. Shortly thereafter, Arlene Pinti, who lived in the adjoining row house, came out of her house. Pinti was a forty-nine year old woman with a pre-existing heart condition. Neighbors observed that Ms. Pinti appeared worried and upset as she watched the firemen combat the fire because she could not find her cats. At a neighbor's suggestion, Ms. Pinti took a brief walk to the end of her street to look for her cats. Upon her return, she appeared anxious and began to hyperventilate. Paramedics could not calm Pinti down and rushed her to a nearby hospital where she underwent immediate open heart surgery for an aortic dissection. The surgery required replacing a portion of the aorta with a prosthetic tube made of Dacron and "harvesting" a vein from one of Ms. Pinti's legs to repair arterial damage. Seven weeks later Ms. Pinti died as a result of a systemic infection that spread from the "harvest" site in Ms. Pinti's leg to her chest.

In determining Appellants' base offense levels for sentencing pur-poses the district court found that Ms. Pinti's death was a direct or proximate result of the arson at 1934 East Lombard Street. See 18 U.S.C. § 844(i) (1994); U.S.S.G. § 2K1.4 (1997). This court reviews

_____

**1** Appellant Bebber also entered a guilty plea to the conspiracy charged in Count 1 of the indictment.
**2** The government incorrectly asserts that this issue is irrelevant to Rob-ert Milligan's sentence because he pled guilty to Count Nine of the indictment relating only to the death of Vernard Jones, Jr. Pursuant to U.S.S.G. § 3D1.4, Robert Milligan's base offense level was increased one point, thereby subjecting him to a higher sentencing range, based on the district court's finding of a causal relationship between Ms. Pinti's death and the arson charged in Count Eight of the indictment.

a district court's application of the guidelines to the facts on a sliding scale: review of a factual issue is governed by a clearly erroneous standard while a question of legal interpretation is reviewed de novo. United States v. Stokley, 881 F.2d 114, 115-16 (4th Cir. 1989) (citing United States v. Daughtrey, 874 F.2d 213 (4th Cir. 1989)). A mixed question of law and fact is reviewed somewhere in between. Id.

In United States v. Ryan,[3] the Eighth Circuit, quoting Black's Law Dictionary (6th ed. 1990), defined proximate cause in the context of applying the enhanced penalty provisions set forth in 18 U.S.C. § 844(i) (1994), as follows:

> That which, in a natural and continuous sequence, unbroken by any efficient intervening cause, produces injury, and without which the result would not have occurred . .. . An injury or damage is proximately caused by an act, or a failure to act, whenever it appears from the evidence in the case, that an act or omission played a substantial part in bringing about or actually causing the injury or damage; and that the injury or damage was either a direct result or a reasonably probable consequence of the act or omission.

The Seventh Circuit discussed the issue of proximate cause in addressing a defendant's challenge to his felony murder conviction. See Brackett v. Peters, 11 F.3d 78 (7th Cir. 1993). In that case, the defendant raped and severely beat an eighty-five year old woman. During the woman's recovery in the hospital she became depressed and resisted efforts to feed her. This occurred in spite of the fact that her physical injuries were healing. Due to her poor appetite doctors ordered that she be force-fed. Because facial injuries from her beating prevented nasal gastric feeding, nurses fed the woman pureed food through a feeder syringe. Approximately a month after her assault, the woman asphyxiated and died after a large quantity of food became lodged in her trachea. Id. at 79. The court rejected the defendant's assertion that the nurse's negligence was an intervening action precluding his conviction for felony murder. The court found that although the nurse's negligence was a cause of the woman's death,

---

[3] 9 F.3d 660, 669 (8th Cir. 1993), opinion reinstated, 41 F.3d 361 (8th Cir. 1994) (in banc).

it was not the sole cause of her death, and that the evidence was sufficient to hold the defendant responsible for the death because his actions "made [the woman's] death more likely and [because], but for the assault, she would not have died as soon as she did." Id. at 80 (citations omitted).

Appellants argue that the arson at 1934 E. Lombard Street was not the proximate cause of Ms. Pinti's death because it was not reasonably foreseeable that Ms. Pinti would have become emotionally distraught over not being able to locate her cats even though the fire was not a threat to her home. They further contend that there was no evidence that the fire played a role in her aortic dissection in light of her existing medical condition--that she could have been unable to locate her cats and suffered heart failure even if the fire had not occurred. We disagree. Appellants' activities played a substantial part in bringing about Ms. Pinti's aortic dissection on the day they set the fire, and thus we find that her aortic dissection was a reasonable probable consequence of their actions. It is perfectly foreseeable that in the course of committing arson in a residential neighborhood an adjacent neighbor will experience anxiety over events stemming from the fire. Appellants would have this court hold that to be held liable for Ms. Pinti's death they would have to have known the precise nature and degree of Ms. Pinti's anxieties. This, we believe, is too narrow an application of the foreseeability aspect of the proximate cause analysis.

Therefore we affirm Appellants' sentences. We deny Appellant Robert Milligan's motion to file a pro se supplemental brief and for substitution of counsel. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5